# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1063V
Filed: January 29, 2016
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOHN LOVELADY, | |
| Petitioner, | Petitioner's motion for a decision dismissing petition granted; Tdap vaccine; polymyalgia rheumatica; no expert report |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ronald C. Homer, Boston, MA, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On October 31, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered January 2, 2013 caused him polymyalgia rheumatica[2] whose onset was three days. See Pet. at ¶ 3.

Although petitioner made a demand on respondent on March 4, 2015, settlement proved

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

[2] Polymyalgia rheumatica is "a syndrome in the elderly characterized by proximal joint and muscle pain . . . ." Dorland's Illustrated Medical Dictionary 1490 (32nd ed. 2012).

fruitless.  By Order dated April 8, 2015, the undersigned set a deadline of July 8, 2015 for petitioner to file an expert medical report in support of his allegations.

On July 8, 2015, petitioner moved for an extension of time until September 21, 2015 to file a medical expert report.  On July 9, 2015, the undersigned granted petitioner's motion.

On September 21, 2015, petitioner filed a second motion for an extension of time until December 7, 2015 to file a medical expert report.  On September 22, 2015, the undersigned granted petitioner's motion.

On December 7, 2014, petitioner filed a third motion for an extension of time until February 5, 2016 to file a medical expert report.  On December 8, 2015, the undersigned granted petitioner's motion.

On January 27, 2016, petitioner filed a Motion for a Decision Dismissing the Petition, stating that he "has been unable to secure further evidence required by the Court to prove entitlement to compensation in the Vaccine Program."  Mot. for Dismissal, ¶ 1.  The undersigned grants petitioner's motion and dismisses this case.

## FACTS

### Before vaccination

Petitioner was born on May 2, 1944.

On May 17, 2010, petitioner's personal care physician, Dr. Bryan McClelland, noted that petitioner complained of aching in both feet.  Dr. McClelland diagnosed petitioner with neuropathy.  Med. recs. Ex. 7, at 3.

On November 23, 2010, petitioner saw Dr. McClelland again, complaining of chronic pain.  Id. at 4.

On April 5, 2012, petitioner saw Dr. McClelland, complaining of his knees and ankle being stiff for six weeks.  Id. at 7.

### After vaccination

On January 2, 2013, petitioner received Tdap vaccine.  Med. recs. Ex. 1, at 1.

On January 21, 2013, petitioner saw Dr. McClelland, complaining of severe joint pain and body aches starting three days after his tetanus vaccination.  Med. recs. Ex. 7, at 9.  Petitioner could not get up if he sat too long.  Id.  Dr. McClelland prescribed Prednisone.  Id.

On February 11, 2013, petitioner saw Dr. McClelland, saying that his arthralgia and joint

stiffness were much better. Id. Dr. McClelland had decreased petitioner's dosage of Prednisone to 20 mg. and petitioner still felt good. Id.

On March 26, 2013, Dr. McClelland diagnosed petitioner with seronegative arthritis. Id. at 11.

On August 8, 2013, Dr. Nopporn Unnoppet, a rheumatologist, suspected petitioner had polymyalgia rheumatic. Med. recs. Ex. 2, at 33.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for his January 2, 2013 Tdap vaccination, he would not have polymyalgia rheumatica, but also that his January 2, 2013 Tdap vaccination was a substantial factor in causing his polymyalgia rheumatica. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, petitioner has not filed an expert report substantiating his allegations. Moreover, since petitioner complained of chronic aching, pain, and stiffness before his January 2, 2013 Tdap vaccination, petitioner would have to prove Tdap vaccine significantly aggravated these symptoms. 42 U.S.C. § 300aa-33(4).

The undersigned **GRANTS** petitioner's motion for a decision dismissing the petition and

3

**DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: <u>January 29, 2016</u>                                                                                       <u>s/ Laura D. Millman</u>
                                                                                                                            Laura D. Millman
                                                                                                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.