# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 14-1063V
Filed: September 12, 2016
Not for Publication

```
*************************************
JOHN LOVELADY,                    *
                                  *
              Petitioner,         *
                                  *
v.                                *          Attorneys' fees and costs decision;
                                  *          reasonable attorneys' fees and
SECRETARY OF HEALTH               *          costs
AND HUMAN SERVICES,               *
                                  *
              Respondent.         *
                                  *
*************************************
```

<u>Ronald C. Homer</u>, Boston, MA, for petitioner.
<u>Lisa A. Watts</u>, Washington, DC, for respondent.


**MILLMAN, Special Master**


### <u>DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

On October 31, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012).  Petitioner alleged he developed polymyalgia rheumatica as a result of his receipt of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on January 2, 2013.  On January 29, 2016, the undersigned issued a decision dismissing the case for failure to make a prima facie case under the Vaccine Act.

On May 25, 2016, petitioner filed a motion for attorneys' fees and costs.  Petitioner requested attorneys' fees in the amount of $23,894.45, attorneys' costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$2,571.52, and costs in the amount of $341.94, for a total request of $26,807.91.

On June 9, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2.  However, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $9,000.00 and $15,000.00." Id. at 3.  Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims." Id.  She also cites one case in which a petitioner was awarded $15,757.19 in attorneys' fees and costs. Sease v. Sec'y of HHS, No. 11-228V, 2012 WL 5921066 (Fed. Cl. Spec. Mstr. Nov. 6, 2015).  The petitioner in Sease was represented by Conway, Homer & Chin-Caplan ("CHCC"). Id.  The case was dismissed for failure to make a prima facie case under the Vaccine Act. Id.

On June 20, 2016, petitioner filed a ten-page reply to respondent's response to his application for attorneys' fees and costs.   In his reply, petitioner objects to respondent's method of providing a range of reasonable attorneys' fees and costs.  Reply at 6-7.  He argues that "blanket" objections and vague responses "have routinely been rejected by Special Masters." Id. at 5.  Petitioner contends that "[n]egotiated settlements for attorneys' fees and costs are clearly the best practice," and states that if petitioner does not want to participate in negotiating fees, "perhaps [she] should no longer participate at all." Id. at 9.  Petitioner requests an additional $474.50 in attorneys' fees and costs for drafting the reply, for a total request of $27,282.41.

On June 27, 2016, respondent filed a sur-response to petitioner's reply.  In the sur-response, respondent attempts to clarify why she is no longer negotiating fee awards with petitioners.  Sur-reply at 1.  She briefly reviews the history of respondent's role in determining appropriate attorneys' fees and costs awards in vaccine cases and comes to the conclusion that her previous approach of negotiating fee settlements and/or providing detailed objections to fee requests often "had the antithetical result of leading to more litigation over fees and to higher fee awards . . . ." Id. at 1.

Petitioner filed a sur-reply on July 1, 2016.  Petitioner states that he does not want to "engage in protracted briefing regarding his fees," but "he must respond to certain inaccuracies in the respondent's [sur-response]." Sur-reply at 1.  Petitioner then goes on to explain CHCC's experience in settling attorneys' fees and costs applications with respondent before her recent approach of providing ranges of reasonable fee awards.  Petitioner requests an additional $710.00 for drafting the sur-reply, for a total request of $27,992.41.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id.  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3

F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent bases her range on "experience in similar cases under the Vaccine Act." Resp't's Resp. at 3.  The undersigned does not find respondent's argument persuasive.  It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of attorneys' fees and costs.  Each case in the Vaccine Program is different.  Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that the majority of petitioner's attorneys' fees and costs request is reasonable. Petitioner's request for supplemental attorneys' fees for the time his attorney spent drafting the reply is reasonable.  However, the additional $710.00 in fees requested for attorneys' sur-reply are unreasonable.  In the sur-response and sur-reply filed in this case, respondent and petitioner argue over respondent's new approach to applications for attorneys' fees and costs.  The parties do not comment on the instant case.  The undersigned is aware of respondent's new approach of choosing not to negotiate fees, and the history involving CHCC and Special Master Gowen's decision in <u>McCulloch</u>.  <u>McCulloch v. Sec'y of HHS</u>, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Petitioner's sur-reply did not add anything new to the undersigned's understanding the attorneys' fees and costs issue in the instant case.  Therefore, the undersigned will not award the additional $710.00 requested by petitioner for his attorney's time drafting the sur-reply.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. **Accordingly, the court awards:**

a.  **$26,940.47**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C. in the amount of **$26,940.47**; and

b.  **$341.94**, representing petitioner's costs.  The award shall be in the form of a check made payable to petitioner for **$341.94**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

Dated: <u>September 12, 2016</u>                              <u>s/ Laura D. Millman</u>
                                                             Laura D. Millman
                                                             Special Master